UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-01546-JVS (DFMx) | Date | 9/20/2019 |
|---|---|---|---|
| Title | Guadalupe Ayala v. Costco Wholesale Corporation | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Minute Order Regarding Motion to Remand

Plaintiff Guadalupe Ayala ("Ayala") filed a motion to remand this case to state court. Mot., ECF No. 10. Ayala also filed a declaration (the "Ayala Declaration") and the declaration of Shahnaz Hussain ("Hussain Declaration") in support of her motion. Ayala Decl., ECF No. 14; Hussain Decl., ECF No. 13. Defendant Costco Wholesale Corporation ("Costco") opposed the motion and filed the declaration of Hala A. Mousa ("Second Mousa Declaration") in support thereof. Opp'n., ECF No. 15; Second Mousa Decl., ECF No. 16. Ayala replied. Reply, ECF No. 17.

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

Ayala filed this action in the Superior Court of the State of California in Orange County on April 22, 2019 against Costco and Does 1 through 50. Compl., ECF No. 1-2. Ayala brought claims for negligence and premises liability arising out of a slip and fall suffered by Ayala during a visit to a Costco facility in Fountain Valley, California. Compl. ¶¶ 5, 8. Ayala is a foreign citizen, but is a U.S. resident residing in Orange County, California. Ayala Decl. ¶ 2. Costco is incorporated in the State of Washington and has its principal place of business in Washington. Not. Removal, Ex. 3, First Mousa Decl. ¶ 5.

On August 9, 2019, Costco filed its Notice of Removal to this Court filing concurrently the declaration of Hala A. Mousa in support thereof ("First Mousa Declaration"). Not. of Removal, ECF No. 1; First Mousa Decl., ECF No. 1-1. Attorney Hala A. Mousa, counsel for Costco asserts that Ayala's December 28, 2018 demand letter

claims that Ayala "incurred $77,340.91 in past medical treatment related to the incident" and "that she would be claiming general damages and medical costs totaling $300,000.00." First Mousa Decl. ¶ 7. Mousa further asserts that the demand letter contained itemized billing totaling at least $77,340.91 from each treating facility Ayala presented including a $68,800 approximation for treatment by "Dr. Bal Rajagopalam, Ortho." Second Mousa Decl. ¶ 4. A copy of the demand letter has not been placed on the record.

Ayala now brings this motion for remand, arguing that there is no diversity jurisdiction that would permit removal. See generally, Mot.

## II. LEGAL STANDARD

### A. Diversity Jurisdiction

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties may have originally filed the case in federal court. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, (1997). Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). District courts have diversity jurisdiction over "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). District courts, however "shall not have original jurisdiction under [section 1332(a)(2)] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Id. (emphasis added).

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party bears the burden to demonstrate that removal was proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. DISCUSSION

### A. Diversity Jurisdiction

## 1.  Complete Diversity

Pursuant to 28 U.S.C. § 1332(a)(2), diversity jurisdiction exists only where the plaintiffs and the defendants are citizens of different states.  Ayala contends that diversity jurisdiction does not exist in the matter at hand because she is not a U.S. Citizen although she is a U.S. resident domiciled in California.  Mot. 6; Ayala Decl. ¶ 2.  Ayala properly notes District courts, do not "have original jurisdiction under [section 1332(a)(2)] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2) (emphasis added).  However, even though Ayala is a citizen of a foreign state who has permanent residence in California, she does not reside in the same state as Costco.

"A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. section 1332(c)(1).  Costco is incorporated in the State of Washington and has its principal place of business in Washington.  Not. Removal, Ex. 3, First Mousa Decl. ¶ 5.  Since Ayala is a foreign citizen who is a permanent resident domiciled in California and Costco is a citizen of Washington, complete diversity exists.

## 2.  Amount in Controversy

Ayala next contends that removal is not proper because she did not state that the amount in controversy exceeded $75,000 in her complaint.  Mot. 6-7.  Costco replies that the amount in controversy element is satisfied because although Ayala filed a complaint in excess of $25,000, her December 28, 2019 demand letter specifies damages of at least $77,340.91 for past medical treatment, contends that she continues to suffer residual pain, and demanded $300,000 in general and special damages.  Opp'n. 5-6; N. Remand ¶¶ 7-9.  Ayala replies that Costco did not attach the demand letter to their brief, the demand letter only alleged past medical bills of $8,540.91, and that the $68,800 surgery by Dr. Rajagopalam was never completed.  Reply 4.

If it is not facially evident from the complaint that more than $75,000 is in controversy, and the initial pleading seeks non-monetary relief, removal is proper if the removing party proves the amount in controversy by a preponderance of the evidence.  28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-01546-JVS (DFMx) | Date | 9/20/2019 |
| Title | Guadalupe Ayala v. Costco Wholesale Corporation | | |

U.S.C. §§ 1446(c)(2)(A)(i), (c)(2)(B); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The Court finds that the amount in controversy here exceeds $75,000. Although Costco has not attached a copy of the demand letter they cite as evidence that the amount in controversy exceeds $75,000, they have provided two declarations that base the amount in controversy on such demand letter and specifically state that the demand letter sought damages in excess of $75,000 for past medical treatment, general damages, and medical costs. First Mousa Decl. ¶ 7. Second Mousa Decl. ¶¶ 2-4. Ayala relies upon Habitat for Habitat for Humanity Ventura County Inc. v. Ace American Insurance Company, 2017 WL 7661486 (C.D. Cal. July 5, 2017), to support its motion. Reply 3-4. However, in Habitat, the Court determined that the amount in controversy was based on conclusory and unsubstantiated statements; specifically, that they were "informed by [Habitat for Humanity] that the amount [in controversy] exceeds $100,000" without attaching any exhibit or providing additional details regarding the demand. Id. 1. In contrast, Costco has provided two declarations which under penalty of perjury assert that Ayala's demand letter sought damages in excess of $75,000.

### B. Attorneys Fees and Sanctions

Costco seeks reasonable attorneys fees, costs, and sanctions from either Ayala and/or her attorney of record for having to oppose Ayala's motion. Opp'n. 7. Costco asserts it has incurred at least $990.00 in associated costs and attorney's fees. Id.

While 28 U.S.C. § 1927 permits the Court to sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously," "the imposition of sanctions under Section 1927 requires a finding of bad faith." 28 U.S.C. § 1927; Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000). "Bad faith is crucial, because a frivolous argument by itself is insufficient to support an award of sanctions under § 1927." Id. (citing Estate of Blas v. Winkler, 792 F.2d 858, 861 (9th Cir. 1986). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument." Estate of Blas, 792 F.2d at 860. Although Ayala and her attorney made a non-meritorious argument in asserting that there was no diversity jurisdiction, the Court does not find that Ayala or her attorney deliberately acted in bad faith in this matter. The Court finds that an award of sanctions against Ayala and/or her attorney personally is unwarranted.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court further finds that oral argument would not be helpful in this matter, and vacates the September 23, 2019 hearing as to the motion. Fed. R. Civ. P. 78; L.R. 7-15. The Scheduling Conference remains set for September 23, 2019 at 1:30 p.m.

       **IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |